# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

MAUREEN COLLINS, individually and on
behalf of all others similarly situated,

      Plaintiff,                  Civ. Action No.:

vs.

DC GROUP, INC. and JONATHAN FRANK,

      Defendants.

_____

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Maureen Collins ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of DC Group, Inc. and Jonathan Frank ("Defendants"), brings this action against Defendants for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

## OVERVIEW

1.     Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually, and on behalf of all current or former Sales Executives and other similarly situated individuals employed by Defendants any time since three years prior to filing this Complaint.

# THE PARTIES

**Plaintiff**

2. Plaintiff is a citizen of the United States domiciled in the City of Fridley, State of Minnesota. Defendants employed Plaintiff as a Sales Executive from March 22, 2010 to August 17, 2015 out of their corporate office in Minneapolis, Minnesota.

3. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claim asserted. Her consent form is attached as Exhibit A. To date, one additional individual has consented in writing to be a party to this lawsuit. Her consent form is attached as Exhibit B. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

4. Plaintiff and those similarly situated are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. This action is brought as a putative collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, for failure to pay overtime compensation.

6. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal rights of Plaintiff and those similarly situated.

**Defendants**

7. Defendant DC Group, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. According to its website, DC Group "provides reliable uninterruptible power supply (UPS) backup power service and

maintenance to clients throughout the United States, Canada, and parts of North America."

8. Defendant Jonathan Frank ("Defendant Frank") has been an owner and/or president of DC Group, Inc. during the time-frame relevant to this action. Defendant Frank was in regular communication with Plaintiff and those similarly situated regarding sales and production quotas. In addition, Defendant Frank was involved in making payroll, hiring and/or firing decisions, and played an active role in the overall daily operations of the company.

9. Defendant DC Group, Inc. is an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

10. Plaintiff, and all those similarly situated, are or were employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

11. At all relevevant times, Defendants are, and have been, "employers" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this

3

Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Minnesota.

13. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## VENUE

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## COLLECTIVE ACTION DEFINITION

15. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current and former Sales Executives, and individuals with similar job titles and/or duties, employed by Defendants at any time since three years prior to filing this Complaint until Defendants reclassified Sales Executives to non-exempt (the "FLSA Collective").

## FACTUAL ALLEGATIONS

16. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

17. Plaintiff and those similarly situated are or were employed by Defendants as Sales Executives to sell service and maintenance contracts to Defendants' customers. Plaintiff contacted (typically via telephone and and/or email) perspective customers to purchase contracts for Defendants' products and services, such as the maintenance and

4

service (including both routine and emergency) of uninterruptible power supply (UPS) backup power equipment. Defendants employed these individuals to sell their contracts from within Defendants' office(s). Defendants also employed, and continue to employ Sales Executives who work remotely from their homes.

18. Defendants compensated Plaintiff and those similarly situated by paying them a salary and commissions/bonuses for their services.

19. Defendants have suffered and permitted Plaintiff to regularly work more than forty (40) hours in certain workweeks. Upon information and belief, Defendants have also suffered and permitted the members of the FLSA Collective to regularly work more than forty (40) hours in certain workweeks.

20. During these weeks, Defendants did not provide Plaintiff or the FLSA Collective with overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked over 40.

21. During the last three years, Plaintiff generally worked a schedule of at least forty five (45) to fifty (50) hours per week on average. Plaintiff typically started her workday between 8 and 9 a.m. and typically worked until at least 6 or 7 p.m., Monday through Friday. Plaintiff also occasionally worked in the office on weekends, and performed some work remotely from home. Defendants did not compensate Plaintiff with the legally-required overtime premium for any of the overtime hours she worked.

22. Upon information and belief, in approximately January 2017, Defendants reclassified Sales Executives from exempt from the FLSA's overtime protections, to non-exempt, and began paying them overtime wages.

23. Prior to the reclassification, Defendants misclassified Plaintiff and other Sales Executives as exempt from overtime pay, and paid them nothing for their overtime hours worked. Plaintiff and the FLSA Collective were entitled to one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek. *See* 29 U.S.C. § 207.

24. Defendants are aware, or should have been aware, that Plaintiff and the FLSA Collective performed work that required them to work overtime. Defendants required Plaintiff and the other similarly situated Sales Executives to work overtime hours in order to meet Defendants' sales/production quotas. Defendant Frank routinely met with Plaintiff and members of the FLSA Collective to discuss sales/production quotas. Furthermore, Plaintiff Frank informed Plaintiff and those similarly situated that they would be subject to disciplinary action, including termination, if they did not meet the required sales/production quotas.

25. Defendants required Plaintiff and the FLSA Collective to track their work hours each day in a timekeeping system. Defendant's timekeeping system routinely reflected that Plaintiff worked overtime hours, confirming that Defendants were aware that she worked over forty (40) hours per week. Upon information and belief, Defendant's timekeeping system also reflected that other similarly situated Sales Executives worked overtime hours.

26. Defendants are aware that they were not compensating Plaintiff and the FLSA Collective properly for overtime because Plaintiff's coworkers complained to Defendants about it. Upon information and belief, Defendants ignored these complaints

and did not change their compensation practices until they reclassified Sales Executives to non-exempt in approximately January 2017.

27. Defendants actions were knowing, willful, or in reckless disregard of the law.

28. Furthermore, had Defendants performed any investigation into their obligations under the FLSA, they would have known that they could not legally deny Plaintiffs and the FLSA Collective compensation for their overtime hours worked. Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendants had a duty to investigate and research their obligations under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

30. Plaintiff brings Count I of this action individually and on behalf and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

> All current and former Sales Executives, and other individuals with similar job titles and/or duties, employed by Defendants at any time since three years prior to filing this Complaint until Defendants reclassified Sales Executives to non-exempt.

31. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

7

32. Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Plaintiff and the FLSA Collective overtime compensation as required by law.

33. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective overtime compensation for hours worked over forty (40) per week.

34. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**CAUSES OF ACTION**
**COUNT I – OVERTIME WAGES**
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201** *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

35. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per workweek.

37. Defendants are "enterprises" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

38. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

39. Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

40. Defendants have not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

41. Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals overtime compensation in violation of the FLSA.

42. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages violates FLSA. 29 U.S.C. § 207.

43. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

44. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendants for violation of the overtime provisions of the FLSA;

4. Judgment that Defendants' violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

Dated: June 16, 2017

/s/ Michele R. Fisher
Michele R. Fisher
MN Bar No. 303069
fisher@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

PLAINTIFF'S COUNSEL